## SUPREME COURT.

ORREN SAGE and others agt. DAVIDSON MOSHER and JOHN G. MOSHER.

If the attorney of a party receives *notice of trial* before a referee, he is bound to attend to it, and attend to it *at the time and place of the hearing.* The mistaken intelligence received from the referee, as to the time of the hearing, may furnish a good ground for the adjournment of the hearing, but not for utterly neglecting or disregarding the notice of trial.

The better practice for referees is, to appoint *in writing* a time and place for the hearing of the cause, a copy of which should be served with, or before the notice of trial.

Where a party procures an order of the court with a stay of proceedings, he must file and enter the same according to rule 3, within ten days from its date, or it is invalid and ineffectual.

It is almost a matter of course to allow a supplemental complaint to be filed, if the application is promptly made, and as soon as its necessity is ascertained, and without costs. But it is not a matter of course to allow a party, after he has gone to trial or hearing, and failed in his cause, to file a supplemental complaint to remedy defects before known, or bring in other parties or matters to sustain his suit.

Where it is allowable under section 177 of the Code, and within the discretion of the court, to permit the plaintiff to amend his complaint, and to make a supplemental complaint alleging new facts, and bringing in new parties, it should never be done, except upon *equitable terms.* It should never be allowed at the expense of the defendant.

But such an application will be denied with costs,. where it appears that there is another suit pending between the same parties for the same object, and having the same precise end in view.

*Monroe Special Term, January,* 1859.

MOTION to set aside decree and for leave to file a supplemental complaint.

The plaintiffs filed their bill of complaint,. setting up the recovery of five separate judgments in favor of five separate plaintiffs, with executions duly returned thereon respectively unsatisfied, and sought to set aside a certain fraudulent conveyance by the judgment debtor to his son, of certain real estate, and also to reach the other equitable property of the judgment

debtor. The answer put in issue the allegations of the complaint, and the cause was referred to a referee for trial. On the trial, the plaintiff failed to discover any equitable property or to reach the real estate, the same having been conveyed to a person not a party to the suit, before the commencement of the suit, and the referee, finding that the defendants had been guilty of fraud in the transfer of said property, rendered a judgment for damages against both defendants, for the amount of the five several judgments. From this judgment the defendants appealed, and the same was reversed at general term. Before such reversal, and while such appeal was pending, the plaintiffs filed another creditor's bill upon this new judgment, setting out the return of an execution thereon issued, unsatisfied. After the reversal of this judgment, the plaintiffs applied for and obtained leave to amend their complaint in this second suit, setting out the original five judgments and the execution issued thereon and returned, same as in the original suit, and making other parties.

The plaintiffs also applied in this suit for leave to amend their complaint and file a supplemental complaint, making new parties, and seeking to follow the proceeds of the real estate, described in said complaint, into other hands. Leave was granted to make such amendment, and make and serve such supplemental complaint, on payment of all the costs after the answer and costs of the motion. This order was made November 1st, 1858, and gave the plaintiffs fifteen days to make such payment after the taxation of the costs.

On the 19th of October, the defendants' attorney gave notice of trial before the referee, for the 9th of November. Plaintiffs' attorney gave notice of motion for leave to amend, &c., on the 22d of October, unaccompanied by any stay of proceedings. The order of the 1st of November was not filed, entered or acted upon by the plaintiffs' attorney.

On the 9th of November, the defendants' attorney appeared before the referee, the plaintiffs' attorney not appearing, and procured the referee to adjourn the trial until the 10th of December, of which no notice was given to the plaintiffs' attorney.

Sage agt. Mosher.

On the 10th of November, plaintiffs' attorney served a notice of motion for the 27th of November, for leave to renew the motion made on the 1st, with a stay of proceedings. On the 27th of November, this motion was made, and leave given to renew the original motion. Notice of motion to renew such motion granted on the 1st of November was given for the 27th of December, and served on the 20th. On the 10th of December, the defendants' attorney appeared before the referee, and no one appearing for plaintiffs, the referee made a report in favor of the defendants, dismissing the complaint.

The motion noticed for the 27th of December was denied on proof of the dismissal of the complaint, without prejudice to plaintiffs' right to renew the same after setting aside the judgment entered upon on the referee's report. The motion for that purpose is now made, and also that, such judgment being set aside, plaintiffs may have leave to file a supplemental complaint making new parties, as moved for on the former motion, which leave was given to renew as above stated.

E. A. Hopkins, *for plaintiffs.*
C. G. Judd, *for defendants.*

By the court—E. Darwin Smith, Justice. The first question presented upon this motion is one of regularity—has the complaint been duly dismissed? The notice of trial served on the 19th of October, I think, was regular. The plaintiffs' attorney received a notice of trial duly served and in due form, for the 9th of November. It is true that he wrote to the referee, and he wrote him in reply, that he had not appointed the trial for the 9th of November, and could not attend to it on that day. If the referee had appointed the time, he had doubtless done it orally, and had probably forgotten it, as he would not intentionally, I am well satisfied, have misled or misinformed the plaintiffs' attorney. He states in his report, produced on this motion, that " on the 9th of November, 1858, at one o'clock, P.M., at his office in Waterloo, *the time and place by me fixed* for the new trial of the above entitled cause," he

Vol. XVII.                24

was attended by the defendants' counsel, and no one appearing for the plaintiffs, the said trial was by him adjourned till the 10th of December, 1858, at the same place." If the notice of trial was regular, then this adjournment was also regular. The plaintiffs' proceedings are not to be affected by the mistake or misinformation of the referee. The plaintiffs' attorney, having received the notice of trial, was bound to attend to it, and attend at the time and place of the hearing. (*Stephens* agt. *Strong*, 8 *How.* 339; 1 *Code Rep.* 358; 11 *Johns.* 402.) The mistaken intelligence received from the referee would have furnished a good ground for the adjournment of the hearing, but not for utterly neglecting or disregarding the defendants' notice of trial. The plaintiffs' attorney was bound to suppose that the defendants' attorney was in earnest, and was intending and expecting to proceed with the trial according to the notice. The better practice in such cases, I think, would be for the referee to appoint, *in writing*, a time and place for the hearing of the cause, a copy of which should be served with, or before the notice of trial, but the practice has to a large extent been, I think, otherwise. (8 *How.* 339.) This misinformation given by the referee would also afford a strong excuse for the plaintiffs' attorney for not attending the referee addressed to the discretion of the court on the question of opening this decree on the merits. But as it does not appear that the defendants' attorney was in any way cognizant of or privy to the mistaken information given by the referee, I cannot, therefore, hold that the defendant was irregular in attending the referee on the day and at the place fixed for the trial, and procuring the same to be adjourned. The plaintiffs' attorney should have inquired after the proceedings of the 9th of November.

The adjournment on that day, for a month, does not show any desire on the part of the defendants' attorney to take any undue advantage of the plaintiffs. If any inquiry had been made of the referee, after the 9th of November, the attorney would have learned of the adjournment.

The next inquiry is, did the order of the 1st of November stay the defendants' proceedings? That order was never filed

or entered, accepted or proceeded on.  By the new rule (*Rule 3d*), it was necessary for the plaintiffs, if they intended to avail themselves of the benefits of that order, to cause the same to be filed with the clerk of Seneca county, where the venue of the action was, within ten days.  If they had done so, and had proceeded to avail themselves of the order according to its provisions, it would have operated as a stay of the defendants' proceedings, at least, the defendants could not, within the time limited by that order for the plaintiffs to amend or serve their supplemental complaint and pay the costs, have taken any valid proceedings in the cause.  And if the defendants had proceeded during such period, all the steps and proceedings taken by them would have been entirely overreached and rendered of no effect, upon the compliance by the plaintiffs with the terms of that order.

But the plaintiffs not having availed themselves of the order and not having filed and entered the same, according to rule 3d, the same never became operative, and had no force to stay the defendants' proceedings.  It never was a valid and effectual order, except at the election of the plaintiffs, and that election they are bound to make within ten days from its date. Within that time they disaffirmed the order and gave notice of a new motion for leave to renew the original motion, upon the decision of which the said order was made.

This order of the first of November, therefore, did not stay the defendants' proceedings.  The order to stay proceedings, made on the 10th of November, stayed the proceedings only till the 27th of that month, and within that period nothing was done by the defendants' attorney.  On the 10th of December, when the defendants' attorney again appeared before the referee to try the cause, in pursuance of the adjournment from the 9th of November, he was under no order to stay proceedings, express or implied.  The report of the referee then made was, therefore, regular, and the action is strictly out of court and at an end.

The next inquiry is, whether the judgment ought to be set aside, and the plaintiffs let in to proceed with the action upon

terms? So far as the case stood upon the pleadings at the time the complaint was dismissed, the plaintiffs were not entitled to maintain the action. As a creditor's suit it had proved entirely ineffectual to reach any equitable property of the judgment debtor, and the personal judgment against the defendants for their fraud, committed by the one in conveying, and the other in receiving a title to the real estate formerly owned by Davidson Mosher, had been reversed at the general term.

The application to be let in upon terms, and to prosecute the action, is accompanied with an application for leave to make and serve a supplemental complaint, making Caroline M. Mosher a party, and alleging that the defendant John G. Mosher, before the commencement of the suit, sold the real estate in question, and took a bond and mortgage therefor, and that after the commencement of the suit transferred the said bond and mortgage taken by him from Simeon R. Gregory, the purchaser, on the sale of the real estate described in the complaint, to the said Caroline M. Mosher, and setting up that said transfer was fraudulent, and that she received the same without consideration and with notice of the fraud.

The fact that John G. Mosher had conveyed the said real estate to said Gregory, and taken a bond and mortgage in part payment therefor, was known at the time of the former trial, to the plaintiffs and their attorney, and yet they proceeded with the suit to judgment, and have since commenced a new creditor's suit on such judgment, and prosecuted the appeal therefor brought by the defendants. If they had suspended proceedings in the suit as soon as they ascertained that the real estate had been sold and conveyed to Gregory, and asked to amend their complaint, setting up such sale and conveyance, and sought to reach the proceeds of such sale, it would have been a matter of course to have allowed an amendment upon payment, probably, of no more costs, if any, than the costs of opposing the motion. But, instead of doing that, they proceeded in the suit with the view to a personal judgment against both defendants, and have made much costs in that abortive attempt. And now, when they have failed in that object, having tried

their cause before the referee, and prosecuted the same on the appeal to the general term, and the decision is against them, they now ask to go back and begin *de novo* at the place where they should have stopped and amended their complaint, and bring in new parties and a new subject before the court upon which to sustain the suit. They seek to sustain the suit upon a new ground, seeking to reach the bond and mortgage in the hands of Caroline M. Mosher, which they well knew was in the hands of John G. Mosher, at the time of the trial. It is almost a matter of course to allow a supplemental bill to be filed, if the application is promptly made and as soon as its necessity is ascertained, and without costs.

But it is not a matter of course to allow a party, after he has gone to trial or hearing, and failed in his cause, to file a supplemental complaint to remedy defects before known or bring in other parties or matters to sustain his suit. (8 *Price*, 518; *Swan* agt. *Swan, Jacob R.* 243; 3 *Paige*, 206; *Mitford*, 165; 3 *Abbott*, 89, and 12 *Howard*, 39.) These cases hold that it is not proper to allow a supplemental complaint to be served after a hearing in such cases. Chancellor WALWORTH, in 3*d Paige*, 204, says: "A supplemental bill should be filed as soon as the matter sought to be set up as supplemental is discovered."

But if it was allowable to permit the plaintiff to amend his complaint, and to make a supplemental complaint, alleging new facts and bringing in new parties, and I think it is within the discretion of the court since the Code, under section 177, it obviously should not be done except upon equitable terms. A plaintiff should not be permitted to do so at the expense of the defendants. Where, as in this case, he has subjected the defendants to much expense in defending an abortive proceeding, he should not be permitted to change his ground and recover in his suit upon some new facts and allegations, and cast upon the defendants the whole expense of the litigation, including such irregular and fruitless proceedings.

The order made on the first of November allows the plaintiffs to amend their complaint, and make a supplemental

complaint, on payment of the costs since the putting in of defendants' answer. That order was made upon the assumption that the plaintiffs or their attorneys knew, before the trial, of the transfer of the real estate from John G. Mosher to Gregory, and the taking back of the bond and mortgage. If that were not so, the plaintiffs should only have been charged with costs from the time they were informed of that fact. The said Gregory was examined as a witness before a referee, on the 28th of November, 1858, and it was on that day stipulated that his testimony be used before the referee on the trial of this action. At that time the plaintiffs knew of this transfer to Gregory, who is admitted to have been a *bona fide* purchaser, and they might then have amended their complaint on leave of the court, and should pay the costs incurred in the defence of this suit after that time, if they be allowed to amend or file a supplemental complaint to accomplish the same end.

With this modification, I think the order of the first of November right, and on reference to my brethren, I find that they all concur with me in that opinion. I have been more careful to see that I was right on this question, by conferring with my brethren on the subject, inasmuch as the question is one of discretion, and in respect to which, I suppose there is no remedy by appeal, if I commit any error in the decision.

Assuming, therefore, that the court can, in its discretion and upon terms, allow the plaintiff to amend his complaint, setting up the sale by John G. Mosher to Gregory, and the taking of the bond and mortgage for the purchase, and by supplemental complaint bring in Caroline M. Mosher, so as to set aside the transfer to her of such bond and mortgage and reach the same as the fruits of the sale of the property of the judgment debtor, the question remains, is it proper for the court to do so, in view of the further fact that another suit is now pending between these same parties for the same object and having the same precise end in view?

If leave were given to the plaintiffs to amend and to make the supplemental complaint asked for, and such proceedings had been duly taken or had, then the plaintiffs would have

The People agt. Ewen.

pending in this court two creditor's suits upon the same judgments against the same parties. Upon the application of the defendants, the court would be bound to require the plaintiff to discontinue one of the suits, and to elect between the two which he would discontinue, for it would not allow these defendants to be vexed with a double litigation for the same precise object. But, if the plaintiffs are not required to elect between the suits, and to discontinue one suit, the complaint at the hearing in one of the suits would of course be dismissed with costs, for in one suit, obviously, the plaintiff can obtain all the relief to which he is entitled. I can see, therefore, no object or end of justice to be subserved by setting aside the judgment in this action, and granting the plaintiffs' motion to amend or file a supplemental complaint. I think the same should be denied with $7 costs. Motion denied.