JAMES B. LATHAM AND CORNELIUS FONDA, AS TAX-PAYERS, ETC., APPELLANTS, v. STEPHEN H. RICHARDS, PRESIDENT, ETC., AND THE VILLAGE OF SARATOGA SPRINGS AND OTHERS, RESPONDENTS.

*Action by tax-payer to restrain waste—chap. 161 of 1872—supplemental complaint, asking the repayment of moneys paid — when leave to file granted.*

This action was brought by two tax-payers of Saratoga Springs, under chapter 161 of 1872, to restrain the trustees from carrying out a contract entered into for the purchase of certain land, to be paid for largely by paying off mortgages thereon, and from levying a tax to raise money therefor. After the com-

mencement of the action, and before the granting of a preliminary injunction, a portion of the tax was collected and paid over to the owners of the mortgages. Plaintiff then applied for leave to file a supplemental complaint, setting forth these facts, and asking not only to restrain a further levy, but to compel those of the defendants who had received money to pay it back to the village. _Held,_ that the application should have been granted.

APPEAL from an order of the Schenectady County Special Term, refusing leave to the plaintiffs to file a supplemental complaint in this action.

On the 10th day of May, 1877, the board of trustees of the village of Saratoga Springs passed a resolution, appointing a committee to purchase a certain parcel of land, known as the " Waring Farm," for the purposes of a village cemetery. On the 11th of May, 1877, the defendants, Daniel H. and James H. Deyoe, the owners of said land, executed to the village a conveyance of said land for the consideration of $12,136. The village, as part of the purchase-money, assumed the payment of certain mortgages on the premises to the amount of $9,250. On or about the 11th day of June, 1877, this action was commenced by the plaintiffs, as taxpayers of the village of Saratoga Springs, to restrain the village from paying any money upon the above purchase, upon the ground that they had incurred the expenditure without first levying a tax to pay the same. A motion was made before Judge LANDON for a temporary injunction, and the same was denied. Another motion was made on additional papers, and also denied. The plaintiffs then appealed from the two orders of Judge LANDON to the General Term, which reversed them and directed an injunction to issue (12 Hun, 360.) After the decision of Judge LANDON, and before the reversal by the General Term, the village raised by taxation the sum of about $10,000, which it has applied to the payment of some of the mortgages on the property, and to preparing the land for a cemetery. This motion was made for leave to file a supplemental complaint, alleging the collection and disbursement of this money, for the purpose of recovering it back from the several parties to whom it has been paid.

_A. Pond,_ for the appellants.

_Esek Cowen,_ for the respondents.

LEARNED, P. J.:

This action was brought to declare certain acts of the defendants void, and to restrain them from doing certain other acts in completion and furtherance of the acts already done. When the case was before this court on a former appeal, it was held that a temporary injunction *pendente lite* ought to be granted. It now appears, by the affidavits on the part of the plaintiff, that after the commencement of the action, but before this court had decided that an injunction *pendente lite* ought to be granted, the defendants, or some of them, proceeded to do, and did, certain of the acts which this action was brought to restrain, and which would have been restrained, if the injunction had been granted when the action was commenced. These acts are in completion and furtherance of those which had been done before the action was commenced, and which were the ground of its commencement.

The plaintiffs now ask leave to file a supplemental complaint, setting forth the acts done since the commencement of the action, and asking not only the original relief, but also such relief as will redress the alleged injury done since the action was commenced. The motion was refused by the Special Term, and the plaintiffs appeal.

Aside from anything that may be considered peculiar in this action, this leave to file a supplemental complaint would seem to be almost a matter of course in the sound discretion of the court. (2 Barb. Ch. Pr., 67.) If the original bill is sufficient for one kind of relief, and facts afterwards occur which entitle the complainant to other or more extensive relief, he may file a supplemental bill. (*Candler* v. *Pettit*, 1 Paige, 168; New Code, § 544; Old Code, § 177; *Hasbrouck* v. *Shuster*, 4 Barb., 285; *Sage* v. *Mosher*, 17 How. Pr., 367, 370.) Such being the general rule, as well of the new as of the old practice, the opposition to the motion in this case must rest on the peculiarity of the action and of the amendment.

The action is brought by two tax-payers, who sue as well for themselves as for other tax-payers. It is authorized by chapter 161 of the laws of 1872. The complaint alleges that the trustees of the village of Saratoga Springs made a contract to purchase a

certain farm for certain purposes; that a deed was executed therefor; that a large part of the consideration was the payment of mortgages, and that the trustees are proceeding to lay a tax to pay for said land. The complaint avers, for reasons therein stated, that the purchase was void and illegal, and seeks to restrain the levy of the tax. The supplemental complaint alleges that since the commencement of the action this tax has been levied, and part of the amount levied has been paid to some of the defendants on the purchase by the trustees; and it asks not only to restrain any further levy and to declare the purchase illegal, but also to have a restitution made by the defendants who have received the money, to the village of Saratoga Springs.

The defendants now insist that the statute, above cited, authorizes only actions to restrain improper payments; and that, after such payments shall have been made, no action can be maintained by a tax-payer to compel payment of the money to the municipal corporation.

I do not think that, on a motion for leave to file a supplemental complaint, the court should be called upon to examine, with care, the question whether the new facts constitute a cause of action. The defendants suggest that the plaintiff may bring a new action. But certainly there is no reason why this should be done, when the new facts grow out of the original transaction and are a continuation of it. It is not desirable that the court should, in this collateral matter, pass on the right of action. As a general rule, the plaintiffs should be allowed to set up new facts which are really a part of the original matter. The defendants urge that no action is known to the law brought by a party, with no title to a fund, to compel one defendant to pay such fund to another.

This statement may be true, if limited to parties who have no interest, beneficial or otherwise, in a fund. But it seems to be too broad, if it is to have a wider meaning. When officers of a corporation have fraudulently or illegally transferred property, an action has been maintained by a stockholder, making the corporation defendant, to recover for the corporation the property wrongfully transferred. This is for the obvious reason that if the officers have transferred property wrongfully, they will not probably seek to recover it back. (*Gray* v. *Chaplin,* 2 Sim. & Stu., 267;

*Gray* v. *N. Y & Virg. Steamship Co.*, 10 S. C. N. Y., 383, and cases there cited.) The general doctrine is recognized in *Davenport* v. *Dows* (18 Wall., 626). These cases differ from that which the plaintiffs ask to present, in this respect, that this corporation is municipal.

Previously to the act of 1872, it had been held that a municipal corporation, in the management of its property, exercised a public function. For that reason a tax-payer could not bring an action to restrain or redress a wrongful application of property. (*Roosevelt* v. *Draper*, 23 N. Y., 318.) That act was passed " to remedy the felt defect in the law and give the tax-payer a concurrent action with the corporation for the prevention *or correction* of the wrongs mentioned in the act." (*Ayers* v. *Lawrence*, 59 N. Y., 192 at 196.) And it cannot be doubted that in an action to restrain the officers of the village, the other parties to the alleged illegal contract might, and probably should, be joined.

Now, this act has taken away the very basis of the decision in *Roosevelt* v. *Draper*, and has permitted municipal officers to be sued by a tax-payer in such cases. The act does not say that only actions for injunction may be maintained. The previous decisions had no reference to the kind of action which might be brought. They were decisions as to the incompetency of a party, as tax-payer, to sue. This statute is " for the protection of tax-payers." The words, " actions to prevent waste or injury," should not have a narrow meaning. " We have no right to give a hypercritical interpretation to a benign act designed for the protection of the tax-payer, in favor of the wrong-doer." (*Ayer* v. *Lawrence, ut supra.*) At least we ought not to say that it is so clear that a tax-payer may not have a judgment in such a suit compelling the wrong-doer to refund, that we will not permit him to set up the necessary allegation by a supplemental complaint.

The order should be reversed, with $10 costs and printing, and the plaintiff's motion should be granted.

Present—LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Order reversed, with $10 costs and printing, and leave to serve supplemental complaint granted.