## City Court.

### Special Term—May, 1886.

### JULIO et al. against EQUITABLE LIFE ASSURANCE SOCIETY.

A supplemental answer pleading a general release should be allowed only on payment of all costs to date of the application.

McAdam, Ch. J.—The court may, and in a proper case, *must*, "upon such terms as are just," permit a supplemental answer, alleging material facts which occurred after the former pleading (*Code*, § 544). The proposed supplemental answer herein pleads the release of the alleged cause of action, and is therefore material, and the court must therefore permit it to be interposed, and the only question is "what terms are just" under the circumstances. As the defense proposed is one which is likely to defeat the action and deprive the plaintiff's attorney of the taxable costs which he has earned and might otherwise have collected, the application will be granted on payment of all the costs and disbursements to date,—to wit: $43.25,—with leave to the plaintiff's attorney, on receiving such payment, to discontinue the action without costs. In Troy & Boston R. R. Co. v. Tibbitts (11 *How. Pr.* 168), the court permitted the plaintiff to change the ground of action "on payment of all the costs of the defense to date." In Sage v. Mosher (17 *How. Pr.* 373) the court, said "a plaintiff should not be permitted to

[serve a supplemental bill] at the expense of the defendants" (and see 11 *Reporter*, 60).

Where the new defense is calculated to defeat the entire action, it seems to be but equitable, that the defendant should, as a condition to its interposition, pay the plaintiff's costs to date (40 *Hun*, 216) and give him permission to withdraw from a prosecution which by the new defense becomes futile.

Settle order in accordance herewith.