the lessor, either as the whole amount of rent to accrue during the unexpired term of the lease, or as such lesser amount as would represent the difference between the whole amount of the rent thereafter to accrue and the amount of rent reserved in a reletting of the premises for the unexpired term."

The court then discussed the question as to a claim against the receiver of an insolvent corporation, and held that the situation of a receiver was different from that of an assignee for the benefit of creditors. Considering what was decided in these two cases, it seems to me that the referee has entirely misapprehended the effect of the decisions, and has allowed just what the Court of Appeals has said could not be allowed; that is, the claim presented by a lessor for the rent subsequently accruing, less the amount that the assignor and lessee had paid on account of the rent. The situation is in no sense different from that in the Hevenor Case, except that in this case the landlord allowed the lessee to remain in possession and collect the rents and pay what he pleased to the landlord; while in the Hevenor Case the lessor entered into possession of the premises and appropriated all the rents that he could collect to the diminution of the claim. Undoubtedly, as before stated, the lessor in this case could have presented a claim for the difference between the value of the use and occupation of the premises during the remainder of the term and the rent that the assignor was to pay; but he could not claim to be entitled to all of the rent payable under the lease for the use and occupation of the premises without making any allowance for the value of the use and occupation during the balance of the time.

It seems to me, therefore, that under the authorities relied upon by the referee and the principle there established the claim cannot be sustained.

The order appealed from should, therefore, be reversed, with $10 costs and disbursements, the motion to confirm the referee's report denied, and the claim rejected.

McLAUGHLIN, J., concurs.

---

JACKSON v. MATTHEWS et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. PLEADING (§ 279*)—SUPPLEMENTAL COMPLAINTS—RIGHT TO MAKE.

Under Code Civ. Proc. § 544, allowing a supplemental complaint to cover matters of which plaintiff was ignorant when he pleaded formerly, plaintiff in partition and to quiet title was properly permitted to serve a supplemental complaint, changing an allegation that her mother died intestate seised of the land in fee simple to an allegation that her father died intestate so seised of the land, leaving plaintiff's mother, who died intestate, and others as his only heirs, and pleading invalidity of a tax sale relied on by defendant; plaintiff having filed an affidavit of ignorance of the new facts involved in the supplemental complaint until they were disclosed by a trial of certain issues to a jury.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. § 279.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 276*)—SUPPLEMENTAL COMPLAINTS—TERMS.

Terms should be imposed on allowance of a supplemental complaint, under Code Civ. Proc. § 544.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 833, 835; Dec. Dig. § 276.*]

Appeal from Special Term, Nassau County.

Action by Mary Ann Jackson against Samuel Matthews and others. From an order permitting a second supplemental complaint, defendant Matthews appeals. Modified and affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Lincoln B. Haskin, for appellant.
Henry L. Maxson, for respondent.

JENKS, P. J. [1] This appeal is by one of the defendants from an order of the Special Term that permits a second supplemental complaint. The action was begun in 1909, for a partition of realty and to clear clouds upon title. The Special Term granted a motion that certain questions of fact be tried by jury. The plaintiff pleaded that her mother died intestate, seised of the premises in fee simple. Of the three questions for the jury, the first was whether the said allegation was the fact, and the second was whether the mother was the lawful wife of the father of the plaintiff. The said father left issue him surviving by a first wife. On the trial before the jury, after the plaintiff had adduced her evidence, the defendant read in evidence a deed whereby the premises were vested in her father. Finally the validity of that deed was conceded, and the plaintiff agreed that the jury should answer the first question in the negative. The jury answered the second question in the affirmative. The third question, which related to the pendency of a prior action for the same relief, was by stipulation of the parties referred to the court, and at the time of this application was not determined. It further appears that at the jury trial the defendant appellant read in evidence a certificate of tax sale of the premises for unpaid taxes for 1897 to Edwards, a daughter of the plaintiff's father by his said prior marriage.

The plaintiff by her supplemental complaint would plead that her said father died intestate, seised of the premises, leaving him surviving both his widow, the plaintiff's mother, who died intestate, and also certain other specified persons, as his only heirs at law, of whom one is the plaintiff, and would plead, also, certain facts to establish the invalidity of the said sale for taxes. The plaintiff deposes that she had never heard of the deed to her father until it was produced at the said trial, but that she had always supposed that there was an old deed of the premises to both her father and her mother, and that after the death of the former the premises vested in her mother as tenant by the entirety. And she also deposes that she was ignorant of the tax sale, that the certificate was not of record, that no lease was given under it, and that she was ignorant that any taxes thereon

that subjected the premises to sale had remained unpaid, as taxes subsequent to the alleged unpaid taxes had been paid thereon by Rosenbrock, her sister, and one of the defendants.

We think that the order may be affirmed, under the authority of section 544 of the Code of Civil Procedure. See Baylies' Code Pleading and Practice, p. 530.

[2] The order was granted without terms; but, as such favor should not be allowed at the expense of the defendant (Baylies, supra, p. 544; Sage v. Mosher, 17 How. Prac. 373), we think that terms should have been imposed.

The order should be modified, by providing that it is conditional upon the payment of costs by the plaintiff subsequent to notice of trial, a trial fee, and the disbursements of the trial, and, as so modified, it should be affirmed, without costs. All concur.

---

ASCHER v. SOUTH SHORE TRACTION CO.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. EMINENT DOMAIN (§ 166*)—PROCEEDINGS.

In a suit by a property owner to enjoin an electric railroad company from trespassing upon his property in constructing its road without having condemned such property, plaintiff cannot be required against his consent to show the damage to his property, and, upon payment thereof, to convey to defendant the right to use it; such manner of acquiring property for public use being contrary to Const. art. 1, § 7, providing that, if private property is taken for public use, the compensation shall be ascertained by a jury, or by commissioners appointed by the court.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 166.*]

2. EMINENT DOMAIN (§ 274*)—GROUNDS OF RELIEF—TRESPASS TO REALTY—PROOF OF DAMAGE.

To enjoin a railroad company from unlawfully trespassing upon plaintiff's land in constructing its road, plaintiff need not affirmatively show damage; the act sought to be enjoined being an unlawful taking of the property.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 274.*]

Appeal from Special Term, Suffolk County.

Action by John J. Ascher against the South Shore Traction Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Arthur Carter Hume, for appellant.

E. Walter Beebe (Herbert S. Brussel, on the brief), for respondent.

BURR, J. Plaintiff is the owner of a tract of land on the southerly side of the Middle Road, or Main street, in the village of Bayport and town of Islip, and also of the southerly one-half of the highway in front of and adjoining said premises. Defendant is a street surface railroad company, and is about to construct and operate a railroad