MANUFACTURERS TRUST COMPANY and Others, Plaintiffs, *v.* CLAREAL CORPORATION and Others, Defendants.

Supreme Court, Special Term, Bronx County, October 17, 1940.

*William A. Kirk,* for the Manufacturers Trust Company.

No appearance for the defendant Clareal Corporation.

EDER, J. The plaintiff obtained a judgment of foreclosure and sale and moved for an order confirming the referee's report of sale and for leave to enter a deficiency judgment against the defendant Clareal Corporation. (Civ. Prac. Act, § 1083-a.) The referee appointed to sell reported a deficiency of $3,895.46. It appears from the affidavit of regularity, attached to and forming part of the judgment roll, that all of the defendants have been personally served with the summons and complaint and that the defendant Clareal Corporation has not appeared or answered in this action. It also appears from the affidavit of service (Anes, verified July 5, 1940) that notice of motion to confirm the referee's report of sale and of application for leave to enter a deficiency judgment was served on said defendant Clareal Corporation by leaving a copy of the motion papers with the president; said defendant defaulted on

the motion. An order followed confirming the referee's report of sale; with respect to the further motion for leave to enter a deficiency judgment the matter was referred to an official referee of this court to take proof and report as to the fair and reasonable market value of the mortgaged premises as of the date the premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof. The official referee has recommended that the plaintiff have leave to enter a deficiency judgment in the sum of $3,000, with interest from May 23, 1940, being the date of the delivery of the deed of the referee appointed to sell. The official referee further reports that the said defendant Clareal Corporation was given no notice of hearing before him; that it did not appear by attorney in the action; was not known to have any place of business where notice of hearing before the official referee could be served and, therefore, no notice of hearing was given to it.

Section 1083-a of the Civil Practice Act, entitled "Limitation upon deficiency judgments during emergency period," so far as here relevant, provides: "No judgment shall be granted for any residue of the debt remaining unsatisfied * * * except as herein provided. Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser * * *, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment *upon notice to the party against whom such judgment is sought* or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment."

The statute thus makes service of notice of the application for leave to enter a deficiency judgment a condition precedent and compliance therewith is indispensably necessary, else no deficiency judgment made be entered. Neither the statute, the general rules, or any special rules of practice make any provision requiring service of the notice of hearing before the official referee to be made upon the defendant against whom a deficiency judgment is sought, and even though there has been no appearance by the defendant sought to be charged, and no objection by it to the application for a

deficiency judgment herein, there arises the point of concern whether service of notice of hearing before the official referee is an essential prerequisite.

The plaintiff seems to have experienced no difficulty in serving said defendant with a copy of the summons and complaint and with a copy of the notice of motion to confirm the referee's report of sale and for leave to enter a deficiency judgment against it; whether any effort at all was made to serve said defendant with notice of hearing before the official referee is not disclosed by the record.

Generally, when a defendant does not appear in an action, after jurisdiction is acquired, he is not entitled to notice of any of the subsequent proceedings unless notice thereof is expressly required to be given by statute or rule, such as under section 1083-a (*supra*) where notice is required to be given to a defendant against whom a deficiency judgment is sought, whether or not he has appeared in the action. The evident purpose of the Legislature in the enactment of this statute was to prevent a deficiency judgment being taken against such defendant without notice to him and to afford him an opportunity to contest the imposition of such liability upon him by showing the fair and reasonable market value of the premises within the particular period of time fixed by this law.

The court may, without referring the matter, determine the issue in the very first instance; not, however, before and not unless the defendant is given notice of such application; and a defendant is given such notice and opportunity to be heard by the service upon him of the notice of application for leave to enter a deficiency judgment. When the matter is, however, committed to a referee for that purpose he must thereupon fix a date for hearing the parties and for the presentation of proof; the date of the application made to the court is no longer of any significance. And the defendant must be apprised of the day, hour and place of such hearing, by notice to that effect, given in such a manner as the official referee may direct, the mode prescribed to be such as is or would be most likely to reach him, whether it be by personal service, by registered mail to the residence or last known place of business, by leaving it with a designated person, or by publication, where personal service cannot be made. Manifestly, if no notice of hearing is given at all to such defendant, the very object of the reference is frustrated and the defendant is afforded no opportunity whatever to contest the right of the plaintiff to enter a deficiency judgment against him; the reference and the proceedings before the referee then become an idle ceremony.

Bearing in mind the legislative purpose and requirement that notice must be given to the defendant when the application is made

to the court, it is certainly consistent therewith to hold that notice of hearing before the official referee should be given to the defendant sought to be charged with liability and may not be dispensed with. The injury likely to flow from a hearing held without any notice whatever being given to such defendant is obvious and such a practice should not be sanctioned. The better and safer course is to require that notice of hearing before the official referee must be given to the defendant in such manner as the referee shall deem appropriate. To hold that notice to the defendant must be given when application is made to the court, and that it may be dispensed with when the issue is committed to an official referee as an agency of the court, is to approve of an incongruous procedure, devoid of logic, incompatible with justice and destructive of the object sought to be attained by the enactment of the statute in question.

The instant situation arises from the fact that no rules have been formulated, as far as I have been able to ascertain, governing the practice and procedure before the official referees.

In earlier times, when neither statute, rule of court nor the order of reference prescribed the procedure before the referee, the proceedings were brought on and conducted according to the customary practice as it formerly existed in the Court of Chancery, and it was the usual and proper practice for the referee to designate a time and place for the hearing and to require notice thereof to be given to the parties in interest (*Sage* v. *Mosher*, 17 How. Pr. 367, 370; *Stephens* v. *Strong*, 8 id. 339; Edwards on Referees, pp. 101–103; Boyce on Referees, §§ 72, 87), and like practice should prevail here. Such a course is conducive to the best interests of justice.

The matter is recommitted to the official referee for further proceedings not inconsistent with the views herein expressed.